Clifford A. SCHROEDER, an Individual, et al., Plaintiffs,

v.

OWENS–CORNING FIBERGLAS CORPORATION, a corporation, Defendant.

Civ. A. No. 67–869–PM.

United States District Court, C. D. California.

June 27, 1973.

Lyon & Lyon by Conrad R. Solum, Jr., Los Angeles, Cal., for plaintiffs.

Harris, Kern, Wallen & Tinsley, Warren L. Kern, Richard A. Wallen, William G. Lane, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PIERSON M. HALL, Senior District Judge.

### FINDINGS OF FACT

1. The plaintiffs Clifford A. Schroeder and Quentin L. Clark are individuals residing in the Judicial District of this Court.

2. The plaintiff Glass Insulation Co., Inc. is a corporation incorporated under the laws of the State of California and having a principal place of business at 4640 Sperry Street, Los Angeles, California.

3. The plaintiff Pittsburgh Plate Glass Company is a corporation incorporated under the laws of the State of Pennsylvania, having a principal place of business at One Gateway Center, Pittsburgh, Pennsylvania.

4. The defendant Owens-Corning Fiberglas Corporation is a corporation incorporated under the laws of the State of Delaware having a regular and established place of business at 5933 Telegraph Road, Los Angeles, California and having a division known as Fiberglas Engineering & Supply at that address.

5. This action arises under the patent laws of the United States, Title 35 United States Code, for infringement of United States Letters Patent 3,216,459, issued November 9, 1965 for Flexible Insulated Duct (hereinafter referred to as the patent in suit).

6. The plaintiff Pittsburgh Plate Glass Company is the owner of the patent in suit.

7. The patent in suit issued from application Serial No. 257,196, filed February 8, 1963, and discloses and claims (claims 1, 2, and 3) a combination of four elements:

a. an inner wire helix having spaced convolutions,

b. a tubular member of porous compressible insulating material encircling the wire helix with substantially the entire surface of the tubular member exposed as an inner surface of the duct,

c. means for maintaining the wire convolutions in a spaced relation to each other, and

d. a sleeve encircling the tubular member informing an outer surface of the duct.

The sleeve is dimensioned relative to the wire helix and the tubular member to provide only a slight radial compression of the insulating material against the convolutions of the wire helix thereby permitting the thickness of the tubular member to remain substantially constant along the length of the duct. The means for maintaining the wire convolutions in the spaced relation may be an adhesive securing the wire helix directly to the insulating material of the tubular member (claim 3).

Claim 4 of the patent in suit defines the same general combination as above but for the sleeve encircling the tubular

member. In that regard, claim 4 declares that the tubular member is retained in encircling relation on the wire helix but does not specify how.

All remaining claims in the patent in suit depend from claim 4 and are directed to additional features such as the nature of the wire helix and the coils thereof (claims 5, 10, and 12), the diameter of the wire helix and the wire comprising the helix (claims 6 and 7), the use of means securing the tubular member to the wire helix or an adhesive to maintain the wire convolutions in a spaced relation (claims 8 and 11), the density and combination of the insulating material (claim 9), and sleeves encircling the tubular member and enclosing an end thereof (claims 13 and 14).

8. On the question of validity of the patent in suit, defendant has relied upon the prior art publication of Flexible Tubing Corporation entitled "Thermaflex: A Complete Line of Flexible Ducting" and United States Letters Patent to C. J. Edwards, Jr. et al. 2,980,144. The Flexible Tubing publication was not cited by the Patent Office during prosecution of the application Serial No. 257,196 which matured into the patent in suit and is more pertinent art than that cited by the Patent Office against the patent in suit.

9. The Flexible Tubing publication comprises a brochure which was published and distributed to the trade in the early 1950's and not later than 1953. The brochure describes flexible duct structures THERMAFLEX A and THERMAFLEX B of the Flexible Tubing Corporation. THERMAFLEX B is described and shown in the brochure to comprise a wire helix having spaced convolutions, a soft Fiberglas mat encircling the wire helix with substantially the entire inner surface of the mat exposed as the inner surface of the duct, and an elastomeric film encircling the Fiberglas mat.

10. The Edwards patent discloses a flexible hose construction including an inner wire helix having spaced convolutions, a layer of thick padding or other suitable sound absorbing material encircling the wire helix with substantially the entire inner surface of the padding exposed as the inner surface of the hose, and a plastic covering or sleeve encircling the padding and forming the outer surface of the hose.

11. The wire helix, tubular member of insulating material and the sleeve claimed in the patent in suit are old in view of the prior art. The wire helix is substantially the same as the wire helix disclosed in the Flexible Tubing brochure and in the Edwards patent. The tubular member of porous compressible insulating material encircling the wire helix with substantially the entire inner surface exposed as the inner surface of the duct is substantially the same as the Fiberglas mat disclosed in the Flexible Tubing brochure and the layer of thick padding disclosed in the Edwards patent. The sleeve encircling the tubular member is substantially the same as the elastomeric film disclosed in the Flexible Tubing brochure and the flexible covering disclosed in the Edwards patent.

12. Neither the Flexible Tubing brochure nor the Edwards patent specifically shows insulating material comprising a tubular member only slightly radially compressed to permit the thickness of the tubular member to remain substantially constant along the length of a duct.

13. It was known in the art more than one year prior to the filing of the application for the patent in suit and before the claimed invention described in the patent in suit was made

a. to maintain the spacing of convolutions in a wire helix in a flexible duct by adhering the wire convolutions to an encircling member such as a sleeve;

b. that material instruding between the coils of a wire helix in a flexible duct would restrict and retard air flow.

**1346**

14. The subject matter defined by the claims of the patent in suit is anticipated by the teachings of the prior art.

15. The subject matter defined by the claims of the patent in suit was obvious at the time the invention was made to men of ordinary skill in the art, it being obvious to maintain the spaced relation of the convolutions in the wire helix disclosed in the Flexible Tubing or in the Edwards patent by adhering the wire helix to the encircling mat or padding and it being obvious to minimize the radial compression of the tubular member included in the THERMAFLEX B disclosed in the Flexible Tubing publication or the flexible hose disclosed by the Edwards patent so as to limit intrusion of the tubular member between the coils of the helix and to permit the thickness of the tubular member to be substantially constant along the length of the duct.

16. The subject matter of the patent in suit and the prior art is very simple and readily understood by a layman without the need of technical explanation by expert witnesses.

CONCLUSION OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. The patent in suit is owned by the plaintiff Pittsburgh Plate Glass Company.

3. The presumption of validity accompanying the grant of the patent in suit is substantially eliminated by the failure of the Patent Office to cite and consider the prior art publication of Flexible Tubing Company presented in this motion, such publication being more pertinent than the prior art cited against the patent in suit.

4. The patent in suit and each of the claims thereof are invalid as anticipated by the prior art under 35 U.S.C. § 102.